Brandon A. Keim (028831)
**Frazer Ryan Goldberg & Arnold LLP**
1850 North Central Avenue, Suite 1800
Phoenix, AZ 85004
Phone: (602) 200-7399; Fax: (602) 792-7234
E-mail: bkeim@frgalaw.com

*Attorneys for Defendant Michael L. Quiel*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:21-cv-00094-GMS |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Michael L. Quiel, | |
| Defendant. | |

Defendant Michael L. Quiel ("Quiel"), by his undersigned counsel, answers Plaintiff's Complaint as follows:

**RESPONDING TO THE COMPLAINT'S ALLEGATIONS**

Quiel's answers below are designated to correspond to those of the Complaint to which they relate. To the extent not specifically admitted below, the allegations should be deemed denied.

1. Admits except denies that Quiel is liable for the FBAR penalties assessed against him, and denies that Quiel was willful in failing to timely report his financial interest in, or signatory authority over, foreign bank accounts for the 2007 and 2008 calendar years.

2. Denies for lack of knowledge or information.

3. Admits.

4. Admits.

5. Admits.

6. Admits except denies that Quiel and Kerr "ran a hedge fund business," and that Quiel and Kerr "received consulting fees and shares of stock."

7. Admits that Quiel and Kerr sought to expand their business overseas in 2006, otherwise, denies.

8. Admits.

9. Admits except denies that the FBAR is filed with the IRS.

10. Admits.

11. First sentence. Admits. Second sentence. Denies because the Treasury regulation implementing the penalty, 31 C.F.R. §1010.820(g)(2), allows for a maximum penalty of $100,000.

12. Admits.

13. Admits that in 2006, Quiel and Kerr engaged Rush, a California lawyer, to help them expand their businesses overseas. Otherwise, denies.

14. Denies.

15. First sentence. Admits that Rusch sent Quiel an engagement letter dated September 18, 2006 to engage Rusch's firm to serve as Lynn-Cole Capital Corporation's tax and business counsel, and to advise and represent the entity in international business planning. Otherwise, denies. Second sentence. Admits that the agreement was in the name of Lynn-Cole, a U.S. company, but otherwise, denies. Third sentence. Admits. Fourth sentence. Admits that shares were forwarded but denies the value.

16. Admits.

17. Denies because Quiel lacks knowledge or information sufficient to form a belief about the truth of the allegations.

18. Denies because Quiel lacks knowledge or information sufficient to form a belief about the truth of the allegations.

19. Denies because Quiel lacks knowledge or information sufficient to form a belief about the truth of the allegations.

20. Denies because Quiel lacks knowledge or information sufficient to form a belief about the truth of the allegations.

21. Denies because Quiel lacks knowledge or information sufficient to form a belief about the truth of the allegations.

22. Denies because Quiel lacks knowledge or information sufficient to form a belief about the truth of the allegations.

23. Admits that Quiel did not report the name of the foreign country where the financial accounts alleged in the complaint were located on Schedule B, Part III, of his individual income tax return filed with the IRS. Further admits that Quiel did not report the financial accounts alleged in the complaint on an FBAR filed with FinCEN. Otherwise, denies.

24. First sentence. Admits. Second sentence. Admits that Stuck relied, in part, on information that Quiel and his bookkeeper provided. Otherwise, denies. Fourth sentence. Admits that Quiel did not inform Stuck of his interests in the UBS and Pictet & Cie accounts because he was not aware of an interest. Alleges that Rusch sent Stuck an email, dated April 16, 2007, instructing him on what to report on Quiel's tax return, and that it did not instruct any required U.S. reporting of the income or accounts of Swiss entities. Fifth sentence. Admits that Quiel's tax returns for 2007 and 2008 that he signed reported that he had financial accounts located in Belize, but no other country. Otherwise, denies.

25. Admits.

26. Denies.

27. Denies.

28. Admits.

29. Denies that there was a "month-long trial in March 2012." Further denies allegations of Rusch's testimony because Quiel lacks knowledge or information sufficient to form a belief about the truth of the allegations.

30. Admits.

31. Quiel incorporates his responses to all prior allegations as though fully set forth herein.

32. Admits but alleges that Quiel was not aware of his interests.

33. Admits.

34. Admits that Quiel executed consents to extend the statute of limitations for assessment of FBAR penalties, but otherwise, denies for lack of knowledge or information.

35. Denies for lack of knowledge or information.

36. Denies.

37. Denies that the IRS made the assessments for lack of information or knowledge. Otherwise, denies because the Treasury regulation implementing the penalty, 31 C.F.R. §1010.820(g)(2), allows for a maximum penalty of $100,000.

38. Admits.

39. Admits.

40. Denies because Quiel is not liable for the FBAR penalties.

41. Denies because Quiel is not liable for the FBAR penalties.

42. Denies because Quiel is not liable for the FBAR penalties.

43. Denies.

44. Denies.

**AFFIRMATIVE DEFENSES**

45. Quiel was not willful in failing to report any interest in foreign bank accounts on an FBAR for 2007 and 2008.

46. The FBAR penalties assessed by the IRS are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and therefore unlawful pursuant to 5 U.S.C. § 706(2)(A) of the Administrative Procedure Act.

47. The FBAR penalties assessed by the IRS exceed the statutory jurisdiction, authority, or limitations applicable to the IRS and therefore are unlawful pursuant to 5 U.S.C. § 706(2)(C) of the Administrative Procedure Act.

48. The penalties assessed against Quiel are "grossly disproportional" to the gravity of his offense in violation of the Eight Amendment of the Constitution.

49. The penalties assessed against Quiel based on the IRS' position that the same money in the same foreign bank account can generate a penalty in multiple years is in violation of the Eight Amendment of the Constitution.

WHEREFORE, Defendant prays that:

1. Plaintiff take nothing by reason of its Complaint;
2. That judgment be entered in favor of Defendant;
3. That Defendant recover his costs of suit herein; and
4. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this this 17th day of May, 2021.

                              */s/ Brandon A. Keim*
                              Brandon A. Keim (028831)
                              **FRAZER RYAN GOLDBERG & ARNOLD LLP**
                              1850 N. Central Ave, Suite 1800
                              Phoenix, AZ 85004
                              Phone: (602) 200-7399; Fax: (602) 792-7234
                              E-mail: bkeim@frgalaw.com

                              *Attorneys for Defendant Michael L. Quiel*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing is made this 17th day of May, 2021, via the Court's ECF system to all counsel of record.

/s/ Brandon A. Keim
Brandon A. Keim (028831)
**FRAZER RYAN GOLDBERG & ARNOLD LLP**
1850 N. Central Ave, Suite 1800
Phoenix, AZ 85004
Phone: (602) 200-7399; Fax: (602) 792-7234
E-mail: bkeim@frgalaw.com

*Attorneys for Defendant Michael L. Quiel*